IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| PERRY LEE OLSON, #413228 § | |
| § | |
| V. § | CIVIL ACTION NO. G-04-509 |
| § | |
| SHARON MOATES, ET AL. § | |

### REPORT AND RECOMMENDATION

Plaintiff Perry Lee Olson, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. The particularity with which Plaintiff has pleaded his claims makes it unnecessary, in this Court's opinion, to afford Plaintiff the customary opportunity to replead. A complaint which alleges sufficient facts to support its conclusions and maintain a cause of action, when viewed under the individual circumstances of the complaint, is adequate in demonstrating that a Plaintiff has pleaded his best case. *Jacquez v. Procunier*, 801 F.2d 789, 792-93, (5th Cir. 1986). Having reviewed Plaintiff's complaint, this Court makes the following recommendation to the District Judge.

28 U.S.C. § 1915A of the Prison Litigation Reform Act of 1996 directs the Court to conduct an initial review of a civil action by a prisoner seeking relief from a governmental entity or employee, in order to identify cognizable claims or dismiss the complaint if satisfied that it is frivolous or malicious. 28 U.S.C. 1915A(b)(1). This requirement applies to **all** prisoner litigants, whether they are proceeding *in forma pauperis*, or not. A claim may be dismissed for being frivolous if the claim has no realistic chance of ultimate success, or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination whether an action is frivolous or malicious may, if

feasible, be made prior to docketing; therefore, such claims are dismissible *sua sponte* prior to service even though Plaintiff pays the appropriate fee, under Section 1915A.

Plaintiff alleges violations of his civil rights by mailroom supervisor Sharon Moates, who allegedly destroyed three of his Penthouse magazines without his consent, in violation of TDCJ-CID policy. Plaintiff submitted a copy of his I-60 complaint and response, which revealed that two of the magazines were destroyed after 60 days, per TDCJ-CID policy. His Step Two grievances reflect that the magazines were destroyed after 90 days because Plaintiff failed to submit a cause number related to their confiscation and any pending litigation.

Plaintiff also alleges that Defendant Chiles, MSCP administrator, conspired with Moates "to change the dates in order to cover up complaint and then was the individual who signed the Step 2 grievance denying relief sought." He has also sued Defendant Warden Kukua in her supervisory capacity, only.

Plaintiff's assertion that Defendants' deviation from TDCJ-CID policy regarding confiscated mail constitutes a violation of his civil rights is without merit. A state actor's failure to follow state procedural regulations does not constitute a violation of due process if "constitutional minima" are met. *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994); *Hudson v. Palmer*, 468 U.S. 517 (1984). Under Section 1983, a prisoner's due process rights are not violated by the confiscation or destruction of property without regard to prison policy requiring notice and the opportunity to be heard, where the tort of conversion provides adequate post-deprivation remedies under Texas law. *Murphy v. Collins*, 26 F.3d at 543. Clearly, Plaintiff can allege no basis for any claim except, at most, negligence; however, Section 1983 imposes liability for deprivation of constitutionally protected rights, not for violation of tort duties of care. *Griffin v. Johnston*, 899 F.2d 1427, 1435 (5th

Cir. 1990); *see also Daniels v. Williams,* 474 U.S. 327, 331-34 (1986).  Plaintiff's claim is frivolous and fails to state a claim on which relief can be granted.

In order to successfully plead a claim of conspiracy, Plaintiff must plead specific, operative facts to show that the Defendants agreed to commit an illegal act (upon which his claim is based); allegations of a conspiracy which are merely conclusory will not support an action under Section 1983.  *See  Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986); *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990);  *Lynch v. Cannatella*, 810 F.2d 1363 (5th Cir. 1987).  As already shown, any actions taken by Defendants with respect to Plaintiff's magazines, even if violative of TDCJ-CID policy, fail to rise to the level of a cognizable Section 1983 violation; a claim of conspiracy based on such incident fails, therefore, as a matter of law.

Plaintiff also asserts that Defendant Kukua, Warden on the Ramsey II unit, is sued only because she is "ultimately responsible for the actions of the employees."  Under Section 1983, a Plaintiff must identify Defendants who were personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation.  *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995).  A Plaintiff cannot obtain damages or injunctive relief from a policy-maker or supervisor solely on a theory of *respondeat superior*.  *Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 600 n.2 (5th Cir. 1983).  The Fifth Circuit has noted that "supervisory officials may be held liable only if: (1) they affirmatively participate in acts that cause a constitutional deprivation; or (2) implement unconstitutional policies that causally result in Plaintiff's injuries."  *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992).  Plaintiff has explicitly stated that he sued Defendant Kukua in her supervisory capacity only; as such, he has failed to state a claim upon which relief can be granted as to this Defendant.

For the foregoing reasons, this Court **RECOMMENDS** that the instant cause **be DISMISSED with prejudice as frivolous and for failure to state a claim for which relief is available**.

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff, who shall have until **June 1, 2006,** in which to have written objections <u>physically on file</u> in the Office of the Clerk. <u>The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300</u>. Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the ___12th___ day of May, 2006.

_____
John R. Froeschner
United States Magistrate Judge